```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/19/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.,

                Plaintiff,

-against-

PACIFIC CRUISES (HAINAN) LTD.,
METROPOLIS CRUISE CO. LTD., and
WALLEM SHIPMANAGEMENT LTD.,

                Defendants.

**EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

09 Civ. 10113 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        WHEREAS on December 10, 2009, Plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc., filed a Verified Complaint herein for damages amounting to $571,393.50, inclusive of interest and costs, and praying for the issuance of an ex parte order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

        WHEREAS Plaintiff's attorney has filed an affidavit dated December 10, 2009, describing the efforts made by and on behalf of the Plaintiff to find and serve Defendant Wallem Shipmanagement Ltd. within the District; and

        WHEREAS the Court has reviewed the Verified Complaint and Affidavit dated December 10, 2009, and the conditions set forth in Supplemental Admiralty Rule B appear to exist with respect to Defendant Wallem Shipmanagement Ltd.; and

WHEREAS the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach Defendant Wallem Shipmanagement Ltd.'s property within the Southern District of New York; it is hereby

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property, up to and including the sum of $571,393.50, being held by the Defendant Wallem Shipmanagement Ltd. at (1) HSBC Bank, New York at any bank account maintained by Wallem Shipmanagement Ltd. and (2) the Court Registry Investment System under Receipt No. 684188, pursuant to Supplemental Admiralty Rule B; and it is further

ORDERED that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be accomplished by e-mail, facsimile transmission, or other verifiable electronic means, provided that such supplemental service accords with the garnishee's written rules or policies regarding service, if any. Such supplemental service shall be deemed to be made within the District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District; and it is further

ORDERED that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made, and is further deemed to be effective through the end of the next business day, provided another service is made the next business day; and it is further

ORDERED that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment; and it is further

ORDERED that if any of the Defendant Wallem Shipmanagement Ltd.'s property is attached, the Plaintiff shall provide it with written notice within two business days after the attachment. Such notice shall be in writing, and may be given outside of the District by telex, telegram, cable, facsimile transmission, or other verifiable electronic means; and it is further

ORDERED that supplemental process for enforcing this Court's order may be issued by the Clerk upon application within 30 days without further order of the Court; and it is further

This Order shall also expire if by 90 days from date of order, Plaintiff has failed to: (1) attach any assets or other property authorized to be restrained pursuant to this Order; or (2) inform the Court of any attachment; or (3) show good cause by affidavit why this Order should nonetheless remain in effect.

Upon the expiration of this Order for any of the reasons stated above, any restraint of any assets or other property authorized by this Order shall be vacated, and this action shall be dismissed without prejudice.

Dated: New York, New York
       January 19, 2010             SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4